IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | Criminal Action No. |
| vs. | § | 3:21-CR-302-S |
| | § | |
| JOSE FRANCISCO CASTANEDA | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**

By electronic order of reference dated July 21, 2023 (doc. 21), before the Court are the *Petition for Person Under Supervision*, filed October 28, 2021 (doc. 5), the *Addendum to Petition for Person Under Supervision*, filed November 12, 2021 (doc. 8), and the *Second Addendum to Petition for Person Under Supervision*, filed November 16, 2021 (doc.12). The defendant appeared in person and through counsel for a final revocation hearing on August 10, 2023. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and he should be sentenced to an additional term of imprisonment of **SIX (6)** months, with no additional term of supervised release to follow.

**I. BACKGROUND**

After initially being charged by complaint, Jose Francisco Castaneda (Defendant) was charged by indictment filed in the Southern District of Texas with conspiracy to possess and possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. (*See* doc. 3 at 1-4.)[1] He pleaded guilty to the possession charge, and by judgment dated October 12, 2012, he was sentenced to 135 months of imprisonment, to be followed by a five-year term of supervised release. (*See* doc. 3 at 6-11.) On January 2, 2015, he was granted a sentence reduction to 108 months. (*See* doc. 3 at 13.) He began his term of supervised release on June 1, 2021, and jurisdiction was

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

transferred to the Northern District of Texas by order dated June 23, 2021. (*See* doc. 1.)

A.   **Petition**

On October 28, 2021, the supervising United States Probation Officer (USPO) submitted a petition for person under supervision (Petition) alleging the following violations:

**I.**

**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Nature of Noncompliance**

Mr. Castaneda violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about July 2021. On July 12, 2021, Mr. Castaneda submitted a urine specimen to a contract vendor, Homeward Bound, Inc. (HBI), in Dallas, Texas, which tested positive for amphetamines and methamphetamines. On July 29, 2021, a confirmation report from Abbott Toxicology Services, Inc. was received confirming Mr. Castaneda had consumed methamphetamine. July 28, 2021, Mr. Castaneda admitted verbally and in writing to U. S. Probation Officer Alicia Long (USO Long), that he last consumed methamphetamines on July 11, 2021, prior to his July 12, 2021, urine specimen sample.

Mr. Castaneda violated these conditions of supervised release by using and possessing methamphetamines, and illegal controlled substance, in or about July 2021. On July 15, 2021, Mr. Castaneda submitted a urine specimen to a contract vendor, HBI, in Dallas, Texas, which tested positive for amphetamines and methamphetamines. On August 2, 2021, a confirmation report from Abbott Toxicology Services, Inc. was received confirming Mr. Castaneda had consumed methamphetamine. On July 28, 2021, Mr. Castaneda admitted verbally and in writing to USPO Long, that he last consumed methamphetamines on July 14, 2021, prior to his July 15, 2021, urine specimen sample.

Mr. Castaneda violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about August 2021. On August 5,

2021, Mr. Castaneda submitted a urine specimen to a contract vendor, HBI, in Dallas, Texas, which tested positive for amphetamines and methamphetamines. On August 27, 2021, Mr. Castaneda admitted verbally and in writing to USPO Long, that he had been using methamphetamine roughly every other day since August 1. 2021 and last used on August 26, 2021.

Mr. Castaneda violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about August 2021. On August 16 and 25, 2021, Mr. Castaneda submitted a urine specimen to a contract vendor, HBI, in Dallas, Texas, which tested positive for amphetamines. On August 27, 2021, Mr. Castaneda admitted verbally and in writing to USPO Long, that he has been using methamphetamine roughly every other day sine August 1, 2021 and last used on August 26, 2021.

Mr. Castaneda violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about October 2021. On October 14 and 18, 2021, Mr. Castaneda submitted a urine specimen to a contract vendor, HBI, in Dallas, Texas, which tested positive for amphetamines. On October 22, 2021, Mr. Castaneda verbally admitted to having relapsed on methamphetamine sometime after leaving residential treatment on September 24, 2021.

## II.

**Violation of Standard Condition No. 2**

The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Nature of Noncompliance**

Mr. Castaneda violated this condition of supervised release by failing to report to the Arlington Probation Office as instructed on October 22 and 26, 2021. On October 19, 2021, USPO Long texted Mr. Castaneda reporting instructions and directed him to report to the Arlington Probation Office on October 22, 2021. On October 22, 2021, Mr. Castaneda texted USPO Long that he was unable to secure a ride but was trying to get the Arlington Probation Office. On October 22, 2021, USPO Long called Mr. Castaneda and he stated he was unable to make it to the Arlington Probation Office this date. USPO Long scheduled Mr. Castaneda to report to the Arlington Probation Office on October 26, 2021 to allow him additional time to secure a ride. Mr. Castaneda failed to report as directed.

## III.

**Violation of Special Condition**

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of

drugs and/or alcohol.  Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer.  The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer.  The defendant shall incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

**Noncompliance**

Mr. Castaneda violated this condition of supervised release by failing to attend intensive outpatient substance abuse treatment at HBI, in Dallas, Texas on October 12, 14, 19, 20, 21, and 26, 2021.

Mr. Castaneda further violated this condition by failing to submit to random drug testing at HBI, in Dallas, Texas, on October 26, 2021.

(*See* doc. 5.)

B.  **Addendum to Petition**

On November 12, 2021, the supervising USPO submitted an addendum to the petition for person under supervision (Addendum) that alleged Mr. Castaneda further violated his conditions of supervised release as follows:

I.

**Violation of Special Condition**

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol.  Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer.  The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer.  The defendant shall incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

**Nature of Noncompliance**

Mr. Castaneda violated this condition of supervised release by failing to submit to random drug testing at HBI, in Dallas, Texas, on November 2, 2021.

II.

**Violation of Standard Condition No. 6**

The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Nature of Noncompliance**

Mr. Castaneda violated this condition of supervised release by failing to notify U.S. Probation Officer Alicia Long (USPO Long) of a change in residence. On November 1, 2021, USPO Long spoke with a family member who confirmed that Mr. Castaneda had moved out of his last known residence with his mother approximately two weeks ago. On November 4, 2021, U.S. Probation Officer Sierra Delgado and Viki Sanchez (USPO Delgado and USPO Sanchez) attempted to complete a home visit at Mr. Castaneda's last known residence in order to serve him a summons. USPO Delgado and USPO Sanchez spoke with family visiting from Mexico, and they stated Mr. Castaneda no longer lived at this residence and had been living with a cousin in the Pleasant Grove area, in Dallas, Texas, and only came to this residence on occasion. Mr. Castaneda failed to provide USPO Long with his change in residence. His current whereabouts are unknown.

(*See* doc. 8.)

**C.    Second Addendum to Petition**

On November 16, 2021, the supervising USPO submitted a second addendum to the petition for person under supervision (Second Addendum) that requested issuance of a warrant for the Defendant's arrest based on his absconder status. (*See* doc. 12.)

**D.    Hearings**

Defendant was arrested and made his initial appearance in this district on July 14, 2023. (*See* doc. 14.) On that date, he waived his right to a preliminary hearing under Fed. R. Civ. P. 32.1 and to a detention hearing, after which he was ordered detained pending a revocation hearing. (*See* docs. 17, 18, 19.)

Defendant appeared for a final revocation hearing on August 10, 2023. After his competence was established, Defendant testified under oath that he understood the violations alleged in the petition and addendum, and the range of punishment for those violations. He also understood that he had the

right to plead not true and have a hearing concerning whether he committed those violations, and that revocation was mandatory. Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the petition and addendum before a United States Magistrate Judge. He sought to be heard, however, on the issue of the appropriate sentence.

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of **SIX (6)** months with no additional term of supervised release. Defendant was advised of his right to appear and speak, and to have his counsel appear and speak, before the assigned district judge prior to the recommended sentence being imposed.

## II. ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     \*\*\*
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>     \*\*\*

  (4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
  (5) any pertinent policy statement--
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[2] Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

  Based on his knowing and voluntary plea of true to the violations in the Petition and Addendum, the Court finds that Defendant has violated the Mandatory Condition concerning possession of a controlled substance, Standard Condition No. 7, Standard Condition 2, and the Special

---

[2] The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

Condition concerning treatment, as alleged in the Petition, and the same Special Condition and Standard Condition No. 6, as alleged in the Addendum. Because he violated his conditions of supervised release by possessing a controlled substance and refusing to comply with drug testing, revocation of his supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is three years. (*See* doc. 5 at 4, citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of C and a criminal history category of I, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 3 to 9 months. (*See id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*See id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of life, minus the revocation sentence. (*See id.,* citing 18 U.S.C. § 3583(h).)

After considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of **SIX (6)** months, with no additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. This sentence is warranted under the facts of this case. Defendant began using methamphetamine within one month of starting his supervised release. At that time, the supervising officer requested an exception from revocation to allow Defendant the opportunity to address his addiction through residential substance abuse treatment in the community. Within weeks of completing the residential treatment, he relapsed. Efforts to discuss his continued drug use were

unsuccessful, and a summons for him to appear to address violations could not be served because he absconded. Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence with no additional term of supervised release to follow, will afford adequate deterrence and protect the public from further crimes.

### III. RECOMMENDATION

Defendant's plea of true to the violations in the Petition and Addendum should be accepted, his term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIX (6) MONTHS**, with no additional term of supervised release to follow.

**SO RECOMMENDED** on this 10th day of August, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE